JACKSON CO. et al. v. GARDINER INV. CO.

(Circuit Court of Appeals, First Circuit. January 30, 1915.)

No. 1067.

On petition for rehearing. Denied.

For former opinion, modifying decree for complainants, see 217 Fed. 350, 133 C. C. A. 266.

BINGHAM, Circuit Judge.    The appellees, in their petition for rehearing, reiterate the contention, urged by them at the argument, that Mason v. Pewabic Co., 133 U. S. 50, 10 Sup. Ct. 224, 33 L. Ed. 524, is "substantially on all fours with the present case." That we have been unable so to regard the decision referred to we think sufficiently obvious from our opinion handed down November 19, 1914, in which specific comment upon it was deemed unnecessary.    In that case it appeared that the majority shareholders in the Pewabic Mining Company undertook to liquidate the company and sell its assets to themselves for shares of stock of the par value of $50,000 in a corporation which they were to organize, and, although provision was made whereby a stockholder, who declined to take stock in the new company, could receive his pro rata share in money, it was found by the master that the fair cash value of the assets of the company was $498,412.24, and not $50,000, for which the majority had decided to sell them.    The majority, therefore, were undertaking to sell the assets of the company to themselves, and at a price so grossly inadequate as to amount to fraud in fact.    In this case, on the other hand, the majority were not undertaking to sell to themselves, but to the Nashua Company, in which they had no interest.    The price was not grossly inadequate; and it is expressly found that in doing what they did the majority acted without fraud and in good faith.    As the facts in the Pewabic Case differ so materially from those here under consideration, it evidently is not and could not be controlling here; and we think further comment upon it unnecessary.

The position is also taken that the decision handed down November 19, 1914, overrules the one rendered when the case was previously before the court (200 Fed. 113, 118 C. C. A. 287) on exceptions to an order of the District Court entering an ad interim injunction, and contravenes the rule that questions once decided will not be re-examined on a subsequent transfer of the same case.    This contention is based on a false assumption, for, as pointed out in our decision of November 19, 1914, the facts alleged in the bill, and upon which the first decision was based, were not the same as those found by the masters (217 Fed. 351, 133 C. C. A. 267).    According to the allegations of the bill, the value of the assets of the Jackson Company, as represented by a share of stock, was $3,277.51, and the owner of a share, under the terms of the sale, was required to take 1½ shares of Nashua Company stock in payment for his share, or the sum of $975 in cash, which would be less than one-third of the alleged value of what he surrendered.    As a dissenting stockholder, according to the alleged facts, would be required to take either a grossly inadequate sum for his in-

terest in the company or to take stock in the Nashua Company, it was very properly held that the effect of the transaction was to compel the minority shareholders to take stock, a thing which was beyond the power of the majority to require them to do.

The further contention is made that the majority never determined that the value of a shareholder's interest in the Jackson Company represented by a share of stock was $975, but that they determined it to be of the value of $3,277.51. The case discloses that the valuation of $3,277.51 was obtained from a report of a stockholders' committee, and was based on an appraisal of the Jackson Company's real estate and tangible property, as made by the official agents of certain mutual insurance companies, and the quick assets of the company taken at their face value. It is well known that mutual insurance companies, in determining the value of mill properties for purposes of insurance, do so upon the replacement theory, and it is evident that the valuation of $3,277.51 was arrived at in this way. This is also shown from the fact that the masters found that the value of a share of Jackson Company stock, ascertained upon the replacement theory, was, in May, 1911, $2,721.27, and in May, 1913, $3,228.13.

That the majority shareholders considered the fair cash value of the assets of the Jackson Company, as represented by a share of its stock, to be $975, and that that was the basis upon which they agreed to make the sale, is pointed out in our opinion (217 Fed. 352, 133 C. C. A. 268), and needs no further consideration.

Entertaining these views, the members of the court who concurred in the opinion of November 19, 1914, do not deem it necessary to reopen the case for further argument.

The petition for rehearing is denied.